IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VESKO BORISLAVOV ANANIEV,<br><br>    Plaintiff,<br><br>    v.<br><br>AURORA LOAN SERVICES, LLC; AURORA BANK, FSB; THE WOLF FIRM; ROSENTHAL, WITHEM & ZEFF; ROBERT L. ROSENTHAL, ESQ; MICHAEL D. EFF, ESQ; and DOES 1-10, INCLUSIVE,<br><br>    Defendants. | No. C 12-2275 SI<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND; DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |

The motion to dismiss plaintiff's complaint filed by defendants Aurora Loan Services, LLC and Aurora Bank, FSB is scheduled for a hearing on July 13, 2012. Plaintiff's motion for temporary restraining order and preliminary injunction is also noticed for a hearing on July 13, 2012. Pursuant to Civil Local Rule 7-1(b), the Court determines that these matters are appropriate for resolution without oral argument and VACATES the hearing.[1] For the reasons set forth below, the Court GRANTS the motion to dismiss the complaint and DENIES plaintiff's motion for a temporary restraining order and preliminary injunction. The Court grants limited leave to amend as set forth in this order. If plaintiff wishes to amend his complaint, plaintiff must do so on or before **July 23, 2012.**

**BACKGROUND**

On May 7, 2012, *pro se* plaintiff Vesko Borislavov Ananiev filed this lawsuit against defendants Aurora Loan Services, LLC ("ALS"), Aurora Bank, FSB ("Aurora Bank"), The Wolf Firm ("Wolf"),

---

[1] On July 9, 2012, plaintiff filed a case management conference statement. The Court informs plaintiff that the initial case management conference is not scheduled until August 31, 2012. *See* Docket No. 10.

Rosenthal, Withem & Zeff, Robert L. Rosenthal, ESQ, Michael D. Zeff, ESQ, and Does 1-10, inclusive. Plaintiff seeks declaratory and injunctive relief for the allegedly fraudulent servicing of plaintiff's loan and for the allegedly fraudulent foreclosure on plaintiff's property.

Plaintiff took out a loan for $511,200 from non-party International Home Capital Corp, dba Hamilton Financial Mortgage Corp ("Int'l Home"), and the loan was secured by a deed of trust ("DOT") on real property at 1243 and 1247 Kodiak Court, Santa Rosa, California, 95405 (the "property"). Compl. ¶ 13. The DOT named Int'l Home as the lender, non-party First American Title Company ("First American") as trustee, and non-party Mortgage Electronic Registration Systems, Inc. ("MERS"), in its capacity as nominee for Int'l Home and Int'l Home's successors, as beneficiary. Compl., Ex. G at 183. ALS services the loan. Compl. ¶ 3. On November 10, 2011, MERS assigned its beneficial interest in the DOT to Aurora Bank. Compl., Ex. A. On December 23, 2001, Aurora Bank substituted defendant Wolf as trustee. Def.'s Request for Judicial Notice (RJN), Ex. 3. Because of financial difficulties, plaintiff defaulted on his loan. Opp'n ¶ 1. On January 18, 2012, Wolf, in its capacity as trustee, recorded a notice of default ("NOD") and election to sell under deed of trust. Compl., Ex. J at 216. On April 23, 2012, Wolf recorded a notice of trustee's sale for the property. RJN, Ex. 5.

On May 9, 2012, plaintiff filed this complaint. On June 1, 2012, defendants ALS and Aurora Bank (collectively, "Aurora defendants") moved to dismiss the complaint for failure to state a claim upon which relief may be granted and moved to strike plaintiff's prayer for punitive damages for failure to meet the standards for pleading punitive damages. On July 3, 2012, plaintiff filed a first amended complaint ("FAC") and an ex parte motion for a temporary restraining order and preliminary injunction against all defendants.[2]

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

---

[2] Plaintiff's FAC stops at paragraph 113 and appears to be unfinished. Based upon the Court's preliminary review, the FAC's allegations against the Aurora defendants are substantially similar to those contained in the original complaint.

2

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

*Pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Where a plaintiff is proceeding *pro se*, the Court has an obligation to construe the pleadings liberally and to afford the plaintiff the benefit of any doubt. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, *pro se* pleadings must still allege facts sufficient to allow a reviewing court to determine whether a claim has been stated. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted). Dismissal of a *pro se* complaint without leave to amend is proper only if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (quoting *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

**DISCUSSION**

**I. Defendants' motion to dismiss**

Central to plaintiff's complaint is his assertion that pursuant to UCC-3501 and California Commercial Code § 3501, defendants must produce the Promissory Note ("the Note") before defendants can foreclose on the property. However, under California law, possession of the original note is not a prerequisite to foreclosure. *Nool v. HomeQ Servicing*, 653 F. Supp. 2d 1047, 1053 (E.D. Cal. 2009); *Gens v. Wachovia Mortg. Corp.*, CV10-01073 JF HRL, 2010 WL 1924777, at *4 (N.D. Cal. May 12, 2010). "Non-judicial foreclosure under deeds of trust is governed by California Civil Code section 2924, *et seq*. Section 2924(a)(1) provides that a trustee, mortgagee or beneficiary or any of their authorized agents may conduct the foreclosure process. California courts have held that the Civil Code Provisions cover every aspect of the foreclosure process, and are intended to be exhaustive." *Nool*, 653 F. Supp. 2d at 1053 (citations and quotation marks omitted). Moreover, "[t]here is no requirement that the party initiating foreclosure be in possession of the original note." *Id.* (citing *Candelo v. NDex West, LLC,* No. CV F 08-1916 LJO DLB, 2008 WL 5382259, at *4 (E.D. Cal. Dec. 23, 2008)); *see also Putkkuri v. ReconTrust Co.*, No. 08cv1919 WQH (AJB), 2009 WL 32567, at *2 (S.D. Cal. Jan. 5, 2009) (stating that "[p]roduction of the original note is not required to proceed with a non-judicial foreclosure."). Thus, plaintiff's "possession of the note" theory is without merit and cannot form the basis of his complaint.

The complaint is also largely premised on the so-called "vapor money" theory.[3] The vapor money theory has been consistently rejected by federal courts as frivolous. *See Kuder v. Washington Mut. Bank*, CIV S-08-3087LKKDADP, 2009 WL 2868730, *3 (E.D. Cal. Sept. 2, 2009); *see Rodriguez v. Summit Lending Solutions, Inc.*, No. 09cv773 BTM (NLS), 2009 WL 1936795, *2 (S.D. Cal. July 7, 2009); *Gentsch v. Ownit Mortgage Solutions Inc.*, No. CV F 09-0649 LJO GSA, 2009 WL 1390843, *4 (E.D. Cal. May 14, 2009) (and cases cited therein); *Alejo v. Mozilo*, No. CV 09-680 PSG (CTx), 2009

---

[3] The vapor money theory provides that since 1933 and the New Deal, the United States has been bankrupt and lenders have been creating unenforceable debts because they are lending credit rather than legal tender. *See Johnson v. Deutsche Bank Nat. Trust Co.*, No. 09-2124-CIV, 2009 WL 2575703, *1 (S.D. Fla. July 1, 2009). Plaintiffs proceeding under the vapor money theory claim that all loans not based on legal tender are not collectible. *Id.*

4

WL 692001, *3 (C.D. Cal. Mar.16, 2009); *Frances Kenny Family Trust v. World Savings Bank FSB*, No. C 04-03724 WHA, 2005 WL 106792, *5 (N.D. Cal. Jan.19, 2005) (and cases cited therein). This Court agrees with the numerous courts that have rejected this theory, and finds that the vapor money theory is without merit and cannot form the basis of plaintiff's complaint.

Accordingly, if plaintiff chooses to amend the complaint, the amended complaint may not be predicated on either of these meritless theories.

### A.     Fair Debt Collections Practices Act ("FDCPA")

The first cause of action is titled "Quiet Title and Violation of the FDCPA." Plaintiff alleges that defendants are attempting to deprive him of his rights to use and own his property in violation of the FDCPA. Compl. ¶ 95. He further alleges that defendants violated the FDCPA by making false, deceptive and misleading representations regarding their standing to foreclose on the property and regarding defendants' interest in the debt.

To establish a FDCPA claim, a plaintiff must show: (1) that he is a consumer within the meaning of 15 U.S.C. §§ 1692a(3) and 1692c(d); (2) that the debt arises out of a transaction entered into for personal purposes; (3) that the defendant is a debt collector within the meaning of 15 U.S.C. § 1692a(6); and (4) that the defendant violated one of the provisions of the FDCPA, 15 U.S.C. §§ 1692a-1692o. *See Creighton v. Emporia Credit Service, Inc.*, 981 F. Supp. 411, 414 (E.D. Va. 1997).

Defendants move to dismiss the FDCPA claim because "foreclosing on the property pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA." *Walker v. Equity 1 Lenders Group*, No. 09cv325 WQH (AJV), 2009 WL 1364430, at *7 (S.D. Cal. May 14, 2009) (citing *Hulse v. Ocwen Federal Bank, FSB*, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002)). The *Hulse* court explained,

> Foreclosing on a trust deed is distinct from the collection of the obligation to pay money. The FDCPA *is* intended to curtail objectionable acts occurring in the process of collecting funds from a debtor. But, foreclosing on a trust deed is an entirely different path. Payment of funds is not the object of the foreclosure action. Rather, the lender is foreclosing its interest in the property. . . . Foreclosure by the trustee is not the enforcement of the obligation because it is not an attempt to collect funds from the debtor.

*Id.* Although the Ninth Circuit has not yet addressed whether a foreclosure action constitutes "debt collection" under the FDCPA, district courts throughout the Ninth Circuit have concluded that it does not. *See e.g., Aniel v. T.D. Serv. Co.*, No. C 10-3185 JSW, 2010 WL 3154087, at *1 (N.D. Cal. Aug. 9, 2010); *Powell v. Mortg. Residential Capital*, No. C 09-04928 JF, 2010 WL 2133011, at *6 (N.D. Cal. May 24, 2010)*; Landayan v. Washington Mut. Bank*, C 09-916 RMW, 2009 WL 3047238, at *3 (N.D. Cal. Sept. 18, 2009); *Diessner v. Mortg. Elec. Reg. Sys.*, 618 F. Supp. 2d 1184, 1188-89 (D. Ariz. 2009); *Mansour v. Cal-Western Reconveyance Corp.*, 618 F. Supp. 2d 1178, 1182 (D. Ariz. 2009); *Castro v. Executive Trustee Servs., LLC*, No. CV-08-2156-PHX-LOA, 2009 WL 438683, at *6 (D. Ariz. Feb. 23, 2009); *Gallegos v. Recontrust Co.*, 2009 WL 215406, at *3 (S.D. Cal. Jan. 29, 2009). The Court agrees with the reasoning of these courts and holds that foreclosing on a deed of trust does not invoke the statutory protections of the FDCPA.

Accordingly, the Court GRANTS defendants' motion to dismiss the FDCPA claim without leave to amend.

**B. Quiet title**

Plaintiff's first cause of action includes an action to quiet title. An action to quiet title may be brought to establish title against adverse claims to real property or any interest therein. Cal. Civ. Proc. Code § 760.020. A quiet title action must include: (1) a description of the property in question; (2) the basis for plaintiff's title; and (3) the adverse claims to plaintiff's title. *Id*. § 761.020. In order to satisfy the second requirement, plaintiff must allege that he has discharged his debt, regardless to whom it is owed. *See Kelley v. Mort. Elec. Registration Sys., Inc.*, 642 F. Supp. 2d 1048,1057 (N.D. Cal. 2009) ("Plaintiffs have not alleged . . . that they have satisfied their obligation under the Deed of Trust. As such, they have not stated a claim to quiet title."); *see also Distor v. US Bank, NA*, Case No. 09-02086 SI, 2009 WL 3429700, * 6 (N.D. Cal. Oct. 22, 2009) ("[P]laintiff has no basis to quiet title without first discharging her debt, and . . . she has not alleged that she has done so and is therefore the rightful owner of the property."). Plaintiff has not adequately alleged that he discharged his debt as the vapor money theory is without merit and cannot form the basis of this or any claim.

6

Accordingly, plaintiff has not stated a claim for quiet title and this claim is DISMISSED with leave to amend.

### C. Truth in Lending Act ("TILA")

Plaintiff alleges that defendants violated 15 U.S.C. §1641(f) and §1641(g) of TILA because defendants failed to "disclose the actual note-holder-assignee to whom this promissory note was transferred and assigned." Compl. ¶ 137. TILA ensures that creditors disclose material information to consumers about the terms of credit transactions and requires disclosure at the time the credit contract is executed. *See Meyer v. Ameriquest Mortg. Co.*, 406 F.3d 899, 902 (9th Cir. 2003); 15 U.S.C. § 1601(a).

#### 1. Rescission

TILA provides a right to rescind consumer loans that are "secured by the borrower's principal dwelling . . . if the lender fails to deliver certain forms or disclose important terms accurately." *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 411 (1998) (citing 15 U.S.C. § 1635). The consumer's right to rescind extinguishes at the end of the three-year period following the consummation of the loan, and the right is not subject to equitable tolling. *Id.* at 411-12; 15 U.S.C. § 1635(f).

Here plaintiff brought this complaint on May 7, 2012, more than three years after his loan consummated on June 11, 2004. Thus, a rescission claim is time-barred as a matter of law. *Beach*, 523 U.S. at 411-12.

#### 2. Damages

A claim for damages under TILA must be brought within one year from the date of the consummation of the loan. *King v. California*, 784 F.2d 910, 913-15 (9th Cir. 1986); 15 U.S.C. § 1640(e). Here, plaintiff's loan consummated on June 11, 2004, and thus plaintiff's claim for damages claims is time-barred unless he amends his complaint to plead relevant facts showing that he qualifies for equitable tolling.

7

The doctrine of equitable tolling suspends the limitations period for the duration of the time the borrower did not have a reasonable opportunity to discover the alleged fraud or non-disclosures. *King*, 784 F.2d at 915. To establish equitable tolling at the pleadings stage, plaintiff must allege facts demonstrating that the alleged violations could not have been discovered by due diligence during the one-year statutory period. *See Meyer*, 342 F.3d at 902. Conclusory allegations that a lender concealed or purposefully hid facts surrounding a mortgage are insufficient to make a claim for equitable tolling at this stage. *See Lingad v. Indymac Fed. Bank*, 682 F. Supp. 2d 1142, 1148 (E.D. Cal. 2010) (denying equitable tolling at the motion to dismiss stage where plaintiff failed to allege facts to show how the lender concealed the terms of the mortgage loan).

Accordingly, the Court GRANTS defendants' motion to dismiss the TILA claim for damages with leave to amend. Plaintiff may amend this claim only if he can truthfully allege circumstances that would equitably toll the statute of limitations. Plaintiff is instructed that loan servicers are not liable under TILA unless the loan servicer owned the loan obligation at some point: "A servicer of a consumer obligation arising from a consumer credit transaction shall not be treated as an assignee of such obligation for purposes of this section unless the servicer is or was the owner of the obligation." 15 U.S.C. § 1641(f). Further, with regard to any defendants who are assignees of plaintiff's loan, TILA provides that "[a]ny person who purchases or is otherwise assigned a mortgage . . . shall be subject to all claims and defenses with respect to that mortgage that the consumer could assert against the creditor of the mortgage . . . ." 15 U.S.C. § 1641(d)(1). A debtor's right to pursue a TILA claim against an assignee is limited, however, by a prerequisite which states that "[e]xcept as otherwise specifically provided in this subchapter, any civil action for a violation of this subchapter . . . which may be brought against a creditor may be maintained against any assignee of such creditor only if the violation for which such action or proceeding is brought is apparent on the face of the disclosure statement, except where the assignment was involuntary." 15 U.S.C. § 1641(a). This provision has been interpreted as meaning that a TILA claim may be asserted against an assignee only for "violations that a reasonable person can spot on the face of the disclosure statement or other assigned documents." *Taylor v. Quality Hyundai, Inc.*, 150 F.3d 689, 694 (7th Cir.1998). If plaintiff amends the TILA claim against any assignee defendants, plaintiff must explain how the TILA violation committed by the loan originators is apparent

8

on the face of the assigned documents. Finally, if plaintiff pursues a damages claim, the amended complaint must allege how plaintiff was actually damaged as a result of the TILA violations. *See* 15 U.S.C. § 1640(a)(1); *Che v. Aurora Loan Services, LLC*, SACV 11-01458-CJC, 2012 WL 899629, *3 (C.D. Cal. Mar. 15, 2012).

### D.  Wrongful foreclosure

Plaintiff alleges that defendants have no right to foreclose on the property because defendants lack interest in the Note and DOT, lack standing to assign the Note and DOT, and fraudulently procured the loan. Compl. ¶¶ 14-15, 149. Plaintiff alleges that the assignment of the DOT and Note to defendants is invalid because the DOT was executed by a MERS executive and there is no evidence that MERS had the right to transfer the DOT and Note. *Id.* at ¶¶ 14-15, 17, 20-21. Furthermore, plaintiff alleges that SARM SERIES 2004-10 is the current holder of the Note. *Id.* at ¶¶146-147.

California courts have held that plaintiffs cannot state a cause of action based on the alleged lack of authority of MERS to initiate foreclosure proceedings. *See Robinson v. Countrywide Home Loans, Inc.*, 199 Cal. App. 4th 42, 45-47 (2011); *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 269-73 (2011); *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149, 1155 (2011). In *Robinson*, *Fontenot*, and *Gomes*, the plaintiffs alleged that violations of California's non-judicial foreclosure process invalidated the foreclosures. In all three cases, the California Courts of Appeal sustained the dismissal of the plaintiffs' complaints, explaining that "nowhere does the statute provide for a judicial action to determine whether the person initiating the foreclosure process is indeed authorized," *Gomes*, 192 Cal. App. 4th at 1155, and "that the statutory scheme . . . does not provide for a preemptive suit challenging standing." *Robinson*, 199 Cal. App. 4th at 46. Further, in *Gomes* the court noted that the loan agreement signed by plaintiff expressly granted MERS the authority to foreclose. 192 Cal. App. 4th at 1155 ("by entering into the deed of trust, Gomes agreed that MERS had the authority to initiate a foreclosure").

Plaintiff's claims about irregularities in the foreclosure process are precluded by these cases. Here, as in *Gomes*, the DOT names MERS as a beneficiary. Compl., Ex. F at 185 (stating that "MERS (as nominee for Lender and Lender's successors and assigns) has . . . the right to foreclose and sell the

9

Property"). As a named beneficiary, MERS was authorized to assign its beneficial interest under the DOT to Aurora Bank and Aurora Bank was then authorized to substitute defendant Wolf as trustee. RJN, Ex. 2 at 29; Ex. 4 at 38. *See Benham v. Aurora Loan Servs.*, No. C-09-2059 SC, 2009 WL 2880232, at *3 (N.D. Cal. Sept. 1, 2009) ("MERS also had the authority to assign its beneficial interest under the Deed of Trust."). Therefore, as the assignee of the beneficial interest, Wolf was authorized to initiate foreclosure. *See Lane v. Vitek Real Estate Indus. Grp.*, 713 F. Supp. 2d 1092, 1098 (E.D. Cal. 2010) (dismissing wrongful foreclosure and fraud claims against lender and assignee).

Because plaintiff's wrongful foreclosure claim is foreclosed by California case law and contradicted by documents attached to the complaint, the Court GRANTS defendants' motion to dismiss this claim without leave to amend.

### E. Slander of title

Plaintiff alleges a claim of slander of title based on the allegation that defendants have no right to commence foreclosure. Compl. ¶ 156. Slander of title occurs when there is an unprivileged publication of a false statement which disparages title to property and causes pecuniary loss. *See Stalberg v. W. Title Ins. Co.*, 27 Cal. App. 4th 925, 929 (1994). Elements of slander of title are: (1) a publication, (2) which is without privilege or justification, (3) which is false, and (4) which causes direct and immediate pecuniary loss. *Stamas v. County of Madera*, 795 F. Supp. 2d 1047, 1067 (E.D. Cal. 2011); *Manhattan Loft, LLC v. Mercury Liquors, Inc.*, 173 Cal. App. 4th 1040, 1051(2009).

Plaintiff does not allege facts to support his slander of title claim. However, even assuming plaintiff alleges that defendants slandered the title to the property by recording notices and performing procedures related to the non-judicial foreclosure process, this claim still fails because "any notice or communication that is issued in the course of performing duties related to the non-judicial foreclosure sale is privileged and not actionable." *Richards v. Bank of Am., N.A.*, C 10-01163 CW, 2010 WL 3222151, *4 (N.D. Cal. Aug. 13, 2010); *see* Cal. Civ. Code § 2924(d).

Accordingly, because amendment would be futile, the Court GRANTS defendants' motion to dismiss this claim without leave to amend.

10

### F. Fraudulent inducement

Plaintiff alleges fraudulent inducement against defendants. When the claims in the complaint contain allegations of fraud, the "party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). This heightened pleading standard requires that the allegations regarding the circumstances of the alleged fraud be "specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). Allegations of fraud must contain the "who, what, when, where, and how" of the alleged misconduct. *Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1106 (9th Cir. 2003) (internal citations omitted). Here, the complaint does not allege what plaintiff was induce to do, nor does the complaint allege what defendants did to fraudulently induce plaintiff. Accordingly, the Court GRANTS defendants' motion to dismiss this claim with leave to amend.

### G. Punitive damages

Defendants move to dismiss plaintiff's claim for punitive damages, arguing that the complaint does not contain any allegations showing that defendants acted with malice, oppression or fraud.

The Court has dismissed all of the claims in the complaint, and agrees with defendants that there are no factual allegations supporting a claim for punitive damages. The Court DISMISSES the request for punitive damages. If plaintiff amends the complaint and wishes to seek punitive damages, the complaint must include factual allegations in support of such relief, and plaintiff may not simply include conclusory allegations of fraud, malice or oppression. *See Kelley v. Corrections Corp. of America*, 750 F. Supp. 2d 1132, 1147-48 (E.D. Cal. 2010).

## II. Plaintiff's motion for temporary restraining order and preliminary injunction

On July 3, 2012, plaintiff filed a motion for a temporary restraining order ("TRO") and a preliminary injunction against all defendants. Temporary restraining orders are governed by the same standard applicable to preliminary injunctions. *See Quiroga v. Chen*, 735 F. Supp.2d 1226, 1228 (D. Nev. 2010). A party seeking a preliminary injunction "must establish that he is likely to succeed on the

merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council*, 129 S. Ct. 365, 374 (2008).

As discussed above, the Court concludes that plaintiff has failed to state a claim, and therefore plaintiff has not met his burden of showing a likelihood of success on the merits. Accordingly, plaintiff's request for a TRO and preliminary injunction is DENIED.

## CONCLUSION

Therefore, the Court GRANTS defendant's MOTION TO DISMISS plaintiff's complaint WITH LIMITED LEAVE TO AMEND as set forth in this order. Docket No. 7. The Court DENIES plaintiff's motion for a temporary restraining order and preliminary injunction. Docket No. 13. If plaintiff wishes to amend his complaint, plaintiff must do so by **July 23, 2012**.

**IT IS SO ORDERED.**

Dated: July 10, 2012

SUSAN ILLSTON
United States District Judge