IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VESKO BORISLAVOV ANANIEV,<br><br>    Plaintiff,<br><br>  v.<br><br>AURORA LOAN SERVICES, LLC; AURORA BANK, FSB; THE WOLF FIRM; ROSENTHAL, WITHEM & ZEFF; ROBERT L. ROSENTHAL, ESQ; MICHAEL D. EFF, ESQ; and DOES 1-10, INCLUSIVE,<br><br>    Defendants.<br>_____/ | No. C 12-2275 SI<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS WITHOUT LEAVE TO AMEND** |

Defendants' motions to dismiss plaintiff's second amended complaint are scheduled for a hearing on September 21, 2012. Pursuant to Civil Local Rule 7-1(b), the Court determines that these matters are appropriate for resolution without oral argument and VACATES the hearing. For the reasons set forth below, the Court GRANTS the motions to dismiss the complaint without leave to amend.

**BACKGROUND**

On May 7, 2012, *pro se* plaintiff Vesko Borislavov Ananiev filed this lawsuit against defendants Aurora Loan Services, LLC ("ALS"), Aurora Bank, FSB ("Aurora Bank"), The Wolf Firm ("Wolf"), Rosenthal, Withem & Zeff, Robert L. Rosenthal, Esq., Michael D. Zeff, Esq., and Does 1-10, inclusive. Plaintiff seeks declaratory and injunctive relief for the allegedly fraudulent servicing of plaintiff's loan and for the allegedly fraudulent foreclosure on plaintiff's property.

In June, 2004, Plaintiff took out a loan for $511,200 from non-party International Home Capital Corp, dba Hamilton Financial Mortgage Corp ("Int'l Home"), and the loan was secured by a deed of trust ("DOT") on real property at 1243 and 1247 Kodiak Court, Santa Rosa, California, 95405 (the "property"). Compl. ¶ 13. The DOT named Int'l Home as the lender, non-party First American Title

Company ("First American") as trustee, and non-party Mortgage Electronic Registration Systems, Inc. ("MERS"), in its capacity as nominee for Int'l Home and Int'l Home's successors, as beneficiary. Compl., Ex. G at 183. ALS services the loan. Compl. ¶ 3. On November 10, 2011, MERS assigned its beneficial interest in the DOT to Aurora Bank. Compl., Ex. A. On December 23, 2011, Aurora Bank substituted defendant Wolf as trustee.[1] Def.'s Request for Judicial Notice (RJN), Ex.13. Because of financial difficulties, plaintiff defaulted on his loan. Opp'n ¶ 1. On January 18, 2012, Wolf, in its capacity as trustee, recorded a notice of default ("NOD") and election to sell under deed of trust. Compl., Ex. J at 216. On April 23, 2012, Wolf recorded a notice of trustee's sale for the property. RJN, Ex. 5.

In an order filed July 10, 2012, the Court granted the Aurora defendants' motion to dismiss the complaint and granted plaintiff leave to file an amended complaint.[2] That order held that under California law, possession of the original note is not a prerequisite to foreclosure, and that the "vapor money" theory[3] is frivolous. Docket No. 18 at 4-5. The Court directed that "if plaintiff chooses to amend the complaint, the amended complaint may not be predicated on either of these meritless theories." *Id*. at 5:5-6. The Court also (1) held that foreclosing on a deed of trust does not invoke the statutory protections of the Fair Debt Collections Practices Act ("FDCPA"), and thus dismissed that claim without leave to amend; (2) held that plaintiff had not stated a claim for quiet title because that

---

[1] Wolf has filed a declaration of non-monetary status, stating that it is Wolf's belief that it is sued solely in its capacity as trustee, and not based on any of Wolf's acts or omissions. Wolf also states that it will be bound by any order or judgment in this case, so long as such judgment does not award damages, fees or costs. In response, plaintiff filed an opposition which repeats the allegations of the SAC. Because the Court concludes that the SAC fails to state a claim, the Court also dismisses plaintiff's claims against Wolf.

[2] The Court's order addressed the original complaint. In the course of briefing defendants' motion to dismiss the original complaint, plaintiff filed a first amended complaint. As the Court noted in the July 10, 2012 order, the version of the first amended complaint that plaintiff filed appeared to be incomplete. After the Court dismissed the original complaint with leave to amend, plaintiff filed a second amended complaint. Defendants then moved to dismiss the second amended complaint, and thus this order addresses the second amended complaint.

[3] The vapor money theory provides that since 1933 and the New Deal, the United States has been bankrupt and lenders have been creating unenforceable debts because they are lending credit rather than legal tender. *See Johnson v. Deutsche Bank Nat. Trust Co.*, No. 09-2124-CIV, 2009 WL 2575703, *1 (S.D. Fla. July 1, 2009). Plaintiffs proceeding under the vapor money theory claim that all loans not based on legal tender are not collectible. *Id.*

2

1 claim was premised on the vapor money theory, and granted plaintiff leave to amend that claim; (3) dismissed the Truth in Lending Act ("TILA") rescission claim as time-barred as a matter of law; (4) dismissed the TILA damages claim as time-barred, and granted plaintiff leave to amend if he could plead relevant facts showing that he is entitled to equitable tolling; (5) dismissed without leave to amend the wrongful foreclosure claim as foreclosed by California law and contradicted by documents attached to the complaint; (6) dismissed the slander of title claim without leave to amend; (7) dismissed the fraudulent inducement claim with leave to amend; and (8) dismissed the request for punitive damages with leave to amend.

On July 23, 2012, plaintiff filed a second amended complaint ("SAC"). Although the July 10, 2012 order dismissed the FDCPA and wrongful foreclosure claims without leave to amend, the SAC re-alleges a claim under the FDCPA and a claim for wrongful foreclosure. The SAC also appears to allege a TILA claim as part of the FDCPA claim, although the SAC also states that plaintiff is not seeking monetary damages. *See* SAC at 57:9 & ¶ 188. The SAC mentions "quiet title" throughout the document, and thus it is unclear whether plaintiff is alleging a claim for quiet title. As with the original complaint, the SAC alleges that the foreclosure was illegal because defendants have not produced the note. *See e.g.*, *id.* at ¶ 99. The SAC also alleges that "the banks in the United States of America create money at no cost to themselves," and thus defendants "cannot allege that they incurred a financial loss and they have no standing to assert a financial loss." *Id.* at ¶ 154. The SAC contains the new allegation that plaintiff's signature was forged on his loan documents. *Id.* at ¶ 6.

On August 7, 2012, defendants Rosenthal, Withem, & Zeff, Robert Rosenthal, and Michael Zeff moved to dismiss the second amended complaint. On August 14, 2012, the Aurora defendants moved to dismiss the second amended complaint. Plaintiff has opposed both motions.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff

3

to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

*Pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Where a plaintiff is proceeding *pro se*, the Court has an obligation to construe the pleadings liberally and to afford the plaintiff the benefit of any doubt. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, *pro se* pleadings must still allege facts sufficient to allow a reviewing court to determine whether a claim has been stated. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted). Dismissal of a *pro se* complaint without leave to amend is proper only if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (quoting *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

## DISCUSSION

### I. Aurora defendants' motion to dismiss

The Aurora defendants moved to dismiss the SAC on numerous grounds. Defendants correctly note that the Court has already rejected plaintiff's FDCPA and wrongful foreclosure claims, and that

4

those claims were dismissed without leave to amend. For all of the reasons set forth in the July 10, 2012 order, plaintiff has failed to state a claim and these claims are DISMISSED WITHOUT LEAVE TO AMEND.

To the extent that the SAC alleges a claim for damages under the TILA, plaintiff has failed to allege facts showing why the statute of limitations should be equitably tolled. Accordingly, the TILA claim is DISMISSED WITHOUT LEAVE TO AMEND.

To the extent that the SAC alleges a claim for quiet title, the Court finds that plaintiff has failed to cure the deficiencies identified in the July 10, 2012 order. An action to quiet title may be brought to establish title against adverse claims to real property or any interest therein. Cal. Civ. Proc. Code § 760.020. A quiet title action must include: (1) a description of the property in question; (2) the basis for plaintiff's title; and (3) the adverse claims to plaintiff's title. *Id.* § 761.020. In order to satisfy the second requirement, plaintiff must allege that he has discharged his debt, regardless to whom it is owed. *See Kelley v. Mort. Elec. Registration Sys., Inc.*, 642 F. Supp. 2d 1048,1057 (N.D. Cal. 2009) ("Plaintiffs have not alleged . . . that they have satisfied their obligation under the Deed of Trust. As such, they have not stated a claim to quiet title."). Plaintiff has not alleged that he discharged his debt, and the SAC is still premised on the meritless "show me the note" and vapor money theories. Accordingly, plaintiff has not stated a claim for quiet title and this claim is DISMISSED WITHOUT LEAVE TO AMEND.

Finally, the Court concludes that to the extent plaintiff alleges a claim for fraud by forgery, that claim is not properly directed at defendants, none of whom were involved in the origination of the loan.[4] Moreover, the claim appears to be barred by the applicable three year statute of limitations. *See* Cal. Code Civ. Proc. § 338(d) (governing fraud-based claims). Plaintiff has failed to allege any facts showing that the alleged deceit was not clear at the time he entered into the mortgage loan or reasonably discoverable shortly thereafter. Further, although defendants' motion addressed this claim, plaintiff's opposition does not, and therefore the Court concludes that leave to amend would be futile. Accordingly, this claim is DISMISSED WITHOUT LEAVE TO AMEND.

---

[4] The SAC alleges that unnamed representatives of International Home Capital Corporation d/b/a Hamilton Financial Mortgage Corporation forged plaintiff's signature on various loan documents. See SAC ¶¶ 2, 6.

5

**II. Motion to dismiss filed by Rosenthal, Withem & Zeff, Robert L. Rosenthal, Esq., Michael D. Zeff, Esq.**

The SAC alleges that "[t]he law firm Rosenthal, Withem & Zeff, and their attorneys Robert L Rosenthal, Esq., and Michael D. Zeff, Esq. are named in this Complaint because they have filed and served a complaint for unlawful detainer against me and those in my household even though they are fully aware that the note is held by a REMIC and the alleged creditor, Aurora Bank, FSB is not in possession of the note as required." SAC ¶ 72.

Plaintiff's claims against these defendants fail for all of the reasons stated above. In addition, plaintiff's claims are barred by the litigation privilege codified at California Civil Code § 47. *Feldman v. 1100 Park Lane Associates*, 160 Cal. App. 4th 1467, 1486 (2008) ("Park Lane's filing of the unlawful detainer action clearly fell within the litigation privilege."); *see also Apartment Assn., Inc. v. City of Santa Monica*, 41 Cal. 4th 1232, 1237 (2007) (holding the litigation privilege of Civil Code section 47 preempted tenant harassment ordinance that authorized civil and criminal penalties against a landlord bringing any action to recover possession of a rental unit without a reasonable factual or legal basis).

**CONCLUSION**

For the foregoing reasons, the Court GRANTS defendants' motions to dismiss plaintiff's complaint WITHOUT LEAVE TO AMEND. Docket Nos. 27 and 30. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: September 17, 2012

SUSAN ILLSTON
United States District Judge